UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:06-CR-38 |
| | ) | |
| EDWARD ALFRED BIBBINS | ) | |

## ORDER RESCHEDULING TRIAL

Before the Court is a Defendant Edward Alfred Bibbins's ("Defendant") motion to continue dates (Court File No. 14). The trial is currently set on August 21, 2006.

Because the public has an interest independent from the defendant to a speedy trial of criminal cases, courts do not have unbridled authority to continue trials of criminal cases. The interest of the public is codified in the Speedy Trial Act, 18 U.S.C. §§ 3161 to 3173. The Speedy Trial Act specifies time limits in which defendants must be tried. 18 U.S.C. § 3161(c)(1). If the time limits are not followed, the Act mandates dismissal of the information or indictment.

Before granting any motion to continue a trial in a criminal case, the Court must consider the impact of granting such a request would have on the Speedy Trial Act time limits. The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A)[1]

---

[1] The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
...
(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the

Section 3161(h)(8)(A) requires the Court make a finding after carefully considering and balancing multiple factors, including those factors listed in that section. As support for the motion for a continuance, Defendant states this case is "intimately connected" with two other cases: Defendant's current bankruptcy petition and an Adversary Proceeding filed by the U.S. Trustee. The basis of the complaint filed by the U.S. Trustee "appears to be the allegations which underlie the current criminal prosecution against" Defendant (Court File No. 14 at 2). As part of discovery in this case, Defendant learned the prosecution intends to call Defendant's bankruptcy attorney C. Daniel Collins as a witness in the criminal case (*id.*). Defendant states "it is unclear whether [Defendant] needs to obtain another bankruptcy attorney, particularly in regard to the adversary

---

case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. §§ 3161(h)(8)(A)-(C).

2

petition, where the complaint is based upon an incident of which Mr. Collins has been named as a witness" (*id.*). Defendant submits any decision made "in regard to his bankruptcy petition or the adversary proceeding against him could affect the outcome of his criminal case, and any decision he makes in his criminal case could affect the bankruptcy petition and the adversary proceeding" (*id.* at 2-3). However, Defendant cannot move forward in the bankruptcy matters until he resolves the question of whether he needs to obtain additional counsel (*id.* at 3). If Defendant needs to obtain new counsel, he needs time to do so (*id.*). Defendant's counsel will need time to consult with the new attorney. The government does not oppose the continuance.

Under the circumstances, at this time, the Court does not find the case qualifies as unusual or complex. 18 U.S.C. § 3161(h)(8)(B)(ii). However, under 18 U.S.C. §§ 3161(h)(8)(B)(iv), the Court considers

> whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, . . . , or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court finds the failure to grant Defendant a continuance would deny Defendant reasonable time to obtain counsel to advise him in the related bankruptcy case and would, therefore, deny counsel for Defendant reasonable time necessary for effective preparation in this case. Specifically, given the interrelated nature of the three proceedings against Defendant, Defendant's counsel needs adequate time to consult with counsel representing Defendant in the other two related cases to make proper and well-advised decisions in this case. In view of these circumstances, the Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial.

3

Pursuant to 18 U.S.C. § 3161(h)(8)(A), it is hereby **ORDERED**:

(1) The trial of this matter continued until **9:00 a.m. on Monday, October 16, 2006**; and

(2) The final pretrial conference is continued until **4:00 p.m. on Thursday, September 28, 2006**;

(3) The plea negotiation deadline is extended through **5:00 p.m., Monday, September 11, 2006**. Any written plea agreement shall be executed by said date**.**

The parties shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned. If this case is not heard at 9:00 a.m. on the date assigned, it will be held in line pending notification from the Court. Any subpoenas previously served in this matter will remain in full force and effect for the new trial date. The parties shall be responsible for notifying their witnesses of the new trial date and this Order.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**