UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:06-CR-38 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| EDWARD ALFRED BIBBINS ) | |

**MEMORANDUM & ORDER**

Before the Court is a motion filed by Defendant Edward Alfred Bibbins ("Defendant" or "Mr. Bibbins") requesting the undersigned disqualify himself from presiding in this case (Court File No. 10). Defendant's motion suggests "the Court's impartiality toward Mr. Bibbins might reasonably be questioned" in light of the numerous proceedings before the Court in which Defendant has involved himself over the years. In a contemporaneously submitted memorandum in support of his motion, Defendant's counsel contends the Court "may have drawn negative conclusions about Mr. Bibbins' character, based upon what the judge has heard about Mr. Bibbins' involvement in these other cases." (Court File No. 12). Defendant's counsel also filed an affidavit in support of the motion (Court File No. 11). The Government filed a response to the motion (Court File No. 13).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Generally, the basis for disqualification must stem from an extrajudicial source and judicial rulings alone are almost never sufficient. *Liteky v. United States*, 510 U.S. 540, 553-55, 114 S. Ct. 1147, 1156-57, 127 L. Ed. 2d 474 (1994). Additionally, 28 U.S.C. §144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and
> sufficient affidavit that the judge before whom the matter is pending has a personal

> bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . .

*United States v. Story,* 716 F.2d 1088, 1090 (6th Cir. 1983)(quoting 28 U.S.C. § 144). Facts in the affidavit must be accepted as true. *Id.* The facts and reasons set out in the affidavit "must give fair and adequate support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (citations omitted). The legal standard requires the facts to be such as would "convince a reasonable man that a bias exists." *Id.* Further,

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555, 114 S. Ct. at 1157; *see also Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003).

"A judge has an obligation not to recuse himself when there is no occasion to do so." *United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967) (citing *In Re Union Leader Corp.*, 292 F.2d 381 (1st Cir. 1961). In furthering the policy of public confidence in the impartiality of the judicial process, a court must recuse itself where valid reasons are presented, but must not recuse itself where the proffered reasons are not valid. *New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986); *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981) (rev'd on other grounds). "A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do." *Baskes*, 687 F.2d at 170; *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002) (a district judge is under just as much of an obligation not to recuse himself unnecessarily as he is

2

obligated to recuse himself when it does prove necessary); *Suson v. Zenith Radio Corp.*, 763 F.2d 304, 308-09 n. 2 (7th Cir. 1985)(a "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason"). Therefore, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

It is well settled that Sections 144 and 455 "must be construed *in pari materia*" and "that disqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct." *Story,* 716 F.2d at 1091 (citations omitted). The Court finds recusal is unwarranted in this case because recusal is mandated only if a reasonable person with knowledge of all the facts would conclude the Court's impartiality might reasonably be questioned. Defendant's allegations of bias exclusively relate to the Court's actions during (and knowledge of) judicial proceedings in this district. The Court does not concede it has formed any opinions of Defendant as a result of his prior proceedings before the Court. In any case, opinions formed by the Court, if any, on the facts of prior or current proceedings are not bias. *Liteky*, 510 U.S. at 555; *see also United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (previous adverse rulings do not demonstrate a court's impartiality); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) ("'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases."); *United States v. Franks*, 511 F.2d 25 (6th Cir. 1975) (fact that district judge cited defendant for contempt for failure to comply with pretrial order did not require district judge to recuse himself from trying defendant).

As outlined above, 28 U.S.C. § 455(a) establishes an objective standard, *United States v.*

3

*Norton*, 700 F.2d 1072, 1076 (6th Cir.), *cert. denied*, 461 U.S. 910, 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983), so that a "judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality." *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984). Defendant's motion and supporting affidavit only contain mere allegations without any additional factual basis or supporting evidence. The factual allegations of Defendant's involvement in prior cases in the Eastern District of Tennessee do not support a claim of personal bias, and, in the mind of a reasonable person, there would be no question as to the Court's impartiality. *Story*, 716 F.2d at 1091.

Defendant submits no allegations of personal bias from extrajudicial sources. Further, Defendant has failed to provide any reasonable factual basis or evidence to support his allegations of bias. As a judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality, the Court **DENIES** Defendant's motion for disqualification (Court File No. 10).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4